UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRANCE B. HINES,

                              Plaintiff,

      v.

O.R.C. PENZO, et al.,

                              Defendants.
_____

DECISION & ORDER

20-CV-6245W

Currently pending before the Court are plaintiff's motions to appoint counsel and for discovery sanctions. (Docket ## 22, 28). Also pending is defendants' motion to compel plaintiff's appearance for deposition. (Docket # 36).

**I.**      <u>**Motion for Appointment of Counsel**</u>

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

   3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

   4.  Whether the legal issues involved are complex; and

   5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); see also *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

  The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

  The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. Moreover, the legal issues in this case do not appear to be complex. Nor does plaintiff's case present any

special reasons justifying the assignment of counsel.  On this record, plaintiff's request for the appointment of counsel **(Docket # 22)** is **DENIED without prejudice** at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

II.     **Plaintiff's Motion for Discovery Sanctions**

On July 14, 2021, plaintiff filed a motion seeking judgment in his favor based upon defendants' failure to serve their initial disclosures on or before July 1, 2021, the deadline set by the Court in its scheduling order.  (Docket ## 23, 28).  Defendants oppose the motion on the grounds that the motion was unaccompanied by the conferral certification required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and that their initial disclosures were provided to plaintiff after he filed his motion, apparently contemporaneously with the service of defendants' opposition to the motion.  (Docket # 32).  Because defendants have served their initial disclosures, any request for an order compelling them to do so is now moot.  *Vega v. Hatfield*, 2011 WL 13128745, *1 (W.D.N.Y. 2011) ("[a]lso pending is [plaintiff's] motion to compel certain discovery responses[;] [b]ecause defendants represent that they have now produced the requested discovery . . . , [plaintiff's] motion to compel is denied as moot"); *Smith v. Fischer*, 2008 WL 5129863, *1 (W.D.N.Y. 2008) ("defendants filed a response to plaintiff's request for admissions[;] . . . [a]ccordingly, to the extent plaintiff moves to compel a response to his requests for admissions, such motion is denied as moot").  Further, because the record does not suggest that plaintiff made any attempt to confer with defendants prior to filing the motion, this Court finds that an award of sanctions is not justified.  Accordingly, plaintiff's motion for discovery sanctions is denied.

**III.     Defendants' Motion to Compel**

On October 20, 2021, defendants filed a motion seeking an order compelling plaintiff's appearance for deposition and an extension of the scheduling order deadlines. (Docket # 36). According to defendants, on August 6, 2021, they served a deposition notice on plaintiff scheduling his deposition for September 13, 2021. (Docket # 36-1 at ¶ 5). Plaintiff did not attend his deposition as scheduled, nor did he contact defendants' counsel to advise that he was unavailable. (*Id.* at ¶¶ 7-8). Since that time, counsel for defendants represents that she has attempted to contact plaintiff by letter to reschedule his deposition, and although none of the letters have been returned as undeliverable, she has not received any response. (*Id.* at ¶¶ 10-16). According to defendants' counsel, her last letter, dated October 5, 2021, was sent by Return Receipt Requested, and the return receipt indicates that it was delivered on October 8, 2021. (*Id.* at ¶ 15). That letter advised plaintiff that defendants would file a motion to compel if he did not respond. (*Id.* at ¶ 14). When plaintiff failed to respond, defendants filed the pending motion.

On October 21, 2021, this Court issued a motion scheduling order requiring the plaintiff to respond to defendants' motion to compel by no later than November 15, 2021. (Docket # 38). Plaintiff did not oppose the motion. Failure to oppose a pending motion may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion. *See*, *e.g.*, *TCPIP Holding Co. v. Haar Commc'ns Inc.*, 2004 WL 1620950, *4 (S.D.N.Y. 2004) (defendant's failure to respond to motion was sufficient basis to grant motion by default); *Loew v. Kolb*, 2003 WL 22077454, *1 (S.D.N.Y. 2003) (same). In this case, the motion scheduling order afforded plaintiff sufficient time to respond to the pending motion. Plaintiff has failed to oppose the motion and has not contacted the Court to request an extension of the deadline to file a response to the motion. Accordingly,

4

defendants' motion to compel is granted on the grounds that it is unopposed.  Defendants' request for an extension of the scheduling order is also granted.  Defendants are directed to submit a proposed scheduling order to the Court.

Plaintiff is directed to appear for his deposition on **January 19, 2022**, **at 10:00 a.m.**, at the Office of the New York State Attorney General, Rochester Regional Office, 144 Exchange Boulevard, Second Floor, Rochester, New York 14614.  **Plaintiff is advised that failure to appear for the scheduled deposition may result in the imposition of sanctions, including but not limited to dismissal of this action.**

## CONCLUSION

For the above reasons, plaintiff's motions to appoint counsel  **(Docket # 22)** and for discovery sanctions **(Docket # 28)** are **DENIED**, and defendants' motion to compel plaintiff's appearance for deposition and for an extension of the scheduling order **(Docket # 36)** is **GRANTED.**  Defendants are directed to submit a proposed scheduling order to the Court.

**Plaintiff is directed to appear for his deposition on January 19, 2022, at 10:00 a.m., at the Office of the New York State Attorney General, Rochester Regional Office, 144 Exchange Boulevard, Second Floor, Rochester, New York 14614.  Plaintiff is advised that failure to appear for the scheduled deposition may result in the imposition of sanctions, including but not limited to dismissal of this action.**
**IT IS SO ORDERED.**

      *s/Marian W. Payson*
      MARIAN W. PAYSON
      United States Magistrate Judge

Dated: Rochester, New York
      December 13, 2021