UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TERRANCE B. HINES,

        Plaintiff,

   -v-

O.R.C. PENZO, O.R.C. BUTTERFIELD, C.C.C.A. RIVERA, and JULIE WOLCOTT,

        Defendants.

_____

**DECISION AND ORDER**

6:20-CV-6245 EAW

# BACKGROUND

*Pro se* plaintiff Terrance Hines ("Plaintiff") brought this action under 42 U.S.C. § 1983 alleging that his right to procedural due process was violated when defendants O.R.C. Penzo ("Penzo"), O.R.C. Butterfield ("Butterfield"), and C.C.C.A. Rivera ("Rivera") (collectively "Moving Defendants") did not allow him to call two witnesses during a New York State Department of Corrections and Community Supervision ("DOCCS") Temporary Release Program ("TRP") removal hearing. A jury heard Plaintiff's claim in September 2023, and found that Plaintiff had proved by a preponderance of the evidence that Penzo, Butterfield, and Rivera had violated his right to due process. (Dkt. 72). The jury concluded that Plaintiff had not proved by a preponderance of the evidence that defendant Julie Wolcott ("Wolcott") had violated his

right to due process. (*Id*.). The jury awarded no compensatory damages and awarded $1 in nominal damages. (*Id*.).

Judgment was entered on October 5, 2023. (Dkt. 76). On October 16, 2023, Plaintiff filed a document entitled "Notice of Motion to Appeal Jury Compensatory Ruling" (Dkt. 77), which the Court construed as a motion for a new trial (Dkt. 78). On October 26, 2023, Moving Defendants filed a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. (Dkt. 79). Moving Defendants have opposed Plaintiff's motion (Dkt. 81) and Plaintiff has opposed Moving Defendants' motion (Dkt. 82).

For the reasons below, the Court denies the parties' post-trial motions. For purposes of this Decision and Order, familiarity with the history of this case—including particularly the Court's Decision and Order entered on January 30, 2023 (Dkt. 50), and the evidence presented at trial—is assumed.

## DISCUSSION

**I.     Plaintiff's Motion for a New Trial**

    **A.     Legal Standard**

Under Federal Rule of Civil Procedure 59, the Court "may, on motion, grant a new trial on all or some of the issues—and to any party—. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "As a general matter, a motion for a new trial should be granted when, in the opinion of the district court, the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163

F.3d 124, 133 (2d Cir. 1998) (quotation and alterations omitted); *see also Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 635 (2d Cir. 2002) ("[A] decision is against the weight of the evidence, for purposes of a Rule 59 motion, if and only if the verdict is seriously erroneous or a miscarriage of justice[.]"). "The legal standard for granting a new trial under Rule 59(a) calls for deference to jury determinations while affording discretion to the trial judge to order a new trial in the event of manifest injustice." *Top Ridge Invs., LLC v. Anichini, Inc.*, No. 5:16-CV-76, 2018 WL 11419657, at *1 (D. Vt. May 7, 2018). Whether to grant a new trial under Rule 59(a) is entrusted to the Court's discretion. *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 261 (2d Cir. 2002) ("This court reviews the grant of a new trial on the ground that the verdict was against the weight of the evidence for abuse of discretion.").

    **B.**    <u>**A New Trial is not Warranted**</u>

Plaintiff seeks a new trial on damages, arguing that "it was clear, the only reason the plaintiff was subjected to reincarceration was due to the defendants violating the plaintiff[']s established Due Process Rights." (Dkt. 77 at 4). In other words, Plaintiff argues that having found Moving Defendants liable for violating his due process rights, it was against the weight of the evidence for the jury to conclude that he was entitled to only nominal damages. The Court disagrees.

To begin, the Court notes that Plaintiff has not cited to any relevant excerpts of the trial or the documents admitted into evidence, but has simply asserted in a conclusory fashion that it was clear that he was entitled to compensatory damages. "Generally speaking, specific reliance upon the trial transcript is necessary to demonstrate one's

- 3 -

entitlement to relief on a Rule 59 motion based upon determinations made at trial." *Carlton v. C.O. Pearson*, 384 F. Supp. 3d 382, 386 (W.D.N.Y. 2019) (collecting cases). "A trial court is not required to parse through transcripts in an effort to identify the grounds of a post-trial motion." *Warren v. Thompson*, 224 F.R.D. 236, 240 (D.D.C. 2004) (quotation omitted), *aff'd sub nom. Warren v. Leavitt*, 264 F. App'x 9 (D.C. Cir. 2008). The Court would be justified in denying Plaintiff's motion based on his failure to identify the factual basis for his arguments.

Nonetheless, in light of Plaintiff's *pro se* status, the Court has considered whether the jury's damages determination was against the weight of the evidence. "It is well established that to collect compensatory damages in an action brought pursuant to 42 U.S.C. § 1983, a plaintiff must prove more than a mere violation of his constitutional rights. He must also demonstrate that the constitutional deprivation caused him some actual injury." *Miner v. City of Glens Falls*, 999 F.2d 655, 660 (2d Cir. 1993). "Absent a showing of causation and actual injury, a plaintiff is entitled only to nominal damages." *Id*. "In the procedural due-process context, actual damages are based on the compensation for injuries that resulted from the plaintiff's receipt of deficient process." *Warren v. Pataki*, 823 F.3d 125, 143 (2d Cir. 2016). The key question in calculating such damages is "whether a different outcome would have been obtained had adequate procedural protections been given. If the outcome would not have been different, the plaintiff is presumptively entitled to no more than nominal damages." *Id*.

Plaintiff's theory of damages is that Moving Defendants' failure to allow him to call witnesses at the removal hearing caused him to be removed from the TRP, which in turn

- 4 -

caused him to remain incarcerated for longer than he otherwise would have.[1] But there was ample evidence at trial that Plaintiff would have been removed from the TRP even if he had been permitted to call the two witnesses whom he wished to call.[2] For example, Wolcott testified that participation in the TRP was a privilege and that having left work without clocking out and receiving funds via Western Union—neither of which Plaintiff denied having done, though he offered explanations for these actions—were legitimate grounds for removal, particularly given that Plaintiff had previously been given probation for failing to return to the correctional facility on time.[3] Moreover, Plaintiff did not call the two disputed witnesses at the trial of this matter, and it was reasonable for the jury to conclude that the absence of these witnesses at trial made it impossible to conclude that their testimony would have tipped the balance in the removal hearing.

---

[1] "If . . .a plaintiff can show that he suffered mental and emotional distress caused by the denial of procedural due process itself (as opposed to the mental and emotional distress caused by, for instance, the incarceration that would have occurred absent the due-process violation), he is entitled to recover actual damages only to that extent." *Warren*, 823 F.3d at 143. Plaintiff does not argue that he suffered mental and emotional distress based on the denial of procedural due process itself, but explicitly argues that he is entitled to compensatory damages because he "was unlawfully incarcerated for approximately one and a half years by the defendants['] actions and their lack of total disregard for the plaintiff[']s established Due Process Rights." (Dkt. 77 at 3).

[2] To be clear, this conclusion as to the evidence when assessing Plaintiff's Rule 59 motion does *not* mean that Defendants have met *their* burden on the Rule 50 motion to show that the jury *had* to reach the conclusion that Plaintiff would have been removed from the TRP even if he had been permitted to call the two witnesses.

[3] Because the transcripts of most of the trial have not been ordered or prepared, the Court has relied on its own notes and recollection of the testimony at trial in assessing the parties' arguments.

On the record before it, the jury could easily and reasonably have concluded that Plaintiff failed to prove that his inability to call his desired witnesses at the removal hearing caused his removal from TRP. "Alternatively, the jury could have reasonably concluded that [Plaintiff] failed to support his claims of injury such that any compensatory damages award would have been purely speculative." *Alvarez v. City of New York*, No. 11-CV-5464 (JPO), 2017 WL 1506563, at *3 (S.D.N.Y. Apr. 27, 2017), *on reconsideration in part*, No. 11-CV-5464 (JPO), 2017 WL 6033425 (S.D.N.Y. Dec. 5, 2017) ("When a jury 'is unable to compute the monetary damages except by engaging in pure speculation and guessing,' an award of nominal damages is appropriate." (citations omitted)).

The Court does not find such a conclusion to be either seriously erroneous or a miscarriage of justice. Accordingly, the Court denies Plaintiff's motion for a new trial on damages.

## II. Moving Defendants' Motion for Judgment as a Matter of Law

### A. Legal Standard

Pursuant to Rule 50, the Court may grant a motion for judgment as a matter of law in a jury trial if it finds "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party" opposing the request. Fed. R. Civ. P. 50(a). The same standard applies where, as here, a party renews its request for judgment as a matter of law after the trial is complete. *See* Fed. R. Civ. P. 50(b).

"In ruling on a motion for judgment as a matter of law, the court may not itself weigh credibility or otherwise consider the weight of the evidence; rather, it must defer to the credibility assessments that may have been made by the jury and the reasonable factual

inferences that may have been drawn by the jury." *Williams v. Cnty. of Westchester*, 171 F.3d 98, 101 (2d Cir. 1999); *see also Stevens v. Rite Aid Corp.*, 851 F.3d 224, 228 (2d Cir. 2017) ("Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in his favor." (citation and alteration omitted)). Accordingly, the Court may not grant judgment as a matter of law unless "(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it." *Williams*, 171 F.3d at 101 (alterations omitted and quoting *Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1154 (2d Cir. 1994)); *see also Wierzbic v. Howard*, 331 F.R.D. 32, 45 (W.D.N.Y. 2019) ("In ruling on a motion for judgment as a matter of law, the motion will be granted only if (1) there is a complete absence of probative evidence to support a verdict for the non-movant or (2) the evidence is so strongly and overwhelmingly in favor of the movant that reasonable and fair minded men in the exercise of impartial judgment could not arrive at a verdict against him." (quotation and alteration omitted)), *aff'd*, 836 F. App'x 31 (2d Cir. 2020). This "standard places a particularly heavy burden on the movant where, as here, the jury has deliberated in the case and actually returned its verdict in favor of the non-movant." *Morse v. Fusto*, 804 F.3d 538, 546 (2d Cir. 2015) (quotations omitted).

B. **<u>Moving Defendants are not Entitled to Judgment as a Matter of Law</u>**

Moving Defendants make two arguments in support of their Rule 50 motion. First, they argue that the failure to call Plaintiff's desired witnesses during the TRP removal hearing was harmless error. (Dkt. 79-2 at 5-8). Second, they argue that Rivera and Butterfield had no personal involvement in the denial of Plaintiff's request to call witnesses, and thus cannot be liable for any denial of his right to procedural due process. (*Id.* at 8-10). The Court is unpersuaded by these arguments.

To begin, the Court notes that Moving Defendants, like Plaintiff, have not cited to specific trial testimony, but to their own summaries and characterizations of the evidence presented at trial. But Moving Defendants' summaries and characterizations are inconsistent, in some respects, with the Court's notes and recollections. For example, and as discussed further below, the Court disagrees with Moving Defendants' description of the testimony at trial regarding Rivera's and Butterfield's involvement in the decision not to call witnesses. Of course, counsel's summary of the trial testimony is not evidence and is insufficient to satisfy Moving Defendants' heavy burden in seeking to overturn the jury's verdict.

On its merits, Moving Defendants' first argument conflicts with long-standing precedent about the availability of nominal damages for violations of procedural due process. Moving Defendants argue that "[t]his is a classic case of harmless error" because "[t]he result of the hearing would not have changed if the witnesses had been called." (Dkt. 79-2 at 8). But it is well-established that "the denial of procedural due process should be actionable for nominal damages without proof of actual injury." *Poventud v. City of New*

*York*, 750 F.3d 121, 137 (2d Cir. 2014) (quoting *Carey v. Piphus*, 435 U.S. 247, 266 (1978)); *see also Farrar v. Hobby*, 506 U.S. 103, 112 (1992) ("*Carey* obligates a court to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury."). And as discussed above, "actual injury" in the procedural due process context largely depends on "whether a different outcome would have been obtained had adequate procedural protections been given." *Warren*, 823 F.3d at 143; *see Silva v. Sanford*, No. 91 CIV. 1776(KMW)(KAR), 1994 WL 455170, at *24 (S.D.N.Y. Aug. 18, 1994) ("Ordinarily, the question of whether the outcome of a prison disciplinary proceeding would have been the same in the absence of a due process violation is addressed in the context of whether plaintiff has demonstrated actual injury, and is therefore entitled to more than nominal damages.").

In other words, nominal damages are available on a procedural due process claim even where the outcome of the proceeding was not changed by the errors. *See Poventud*, 750 F.3d at 135 ("[T]his Court has recognized procedural claims under § 1983 even when the denial of due process did not result in concrete injury."); *Lewis v. Frayne*, No. 3:12-cv-1070 (VLB), 2016 WL 3919793, at *10 (D. Conn. July 18, 2016) ("[I]rrelevant for the purposes of the present motion is the Defendants' contention that the Plaintiff has never identified one fact or issue that could have plausibly altered the panel decision had it become known to the panel[,]. . . . [although] the Defendants may raise this fact in contesting damages on this claim, since absent a showing of causation of the Plaintiffs' injuries by the defendants' unconstitutional acts and actual injury, a plaintiff is entitled only to nominal damages on a due process claim." (internal quotation marks, citation, and

alteration omitted)). It is thus clear that Plaintiff was not required to demonstrate that his inability to call witnesses at the removal hearing caused him to be removed from TRP to recover nominal damages.

It is true that a harmless error analysis may sometimes be fatal to a § 1983 procedural due process claim. For example, in *Pilgrim v. Luther*, 571 F.3d 201(2d Cir. 2009), the court determined that any error on the part of the individual "assigned to assist plaintiff in preparing a defense for his disciplinary hearing" was harmless given the plaintiff's "failure to identify any relevant testimony that was excluded as a result, his decision not to call witnesses when given the opportunity, and his decision to walk out of the hearing in protest of [a defendant's] role as the hearing officer." *Id*. at 206; *see also Sims v. Artuz*, 103 F. App'x 434, 436 (2d Cir. 2004) (finding that plaintiff was not denied procedural due process where "[m]ost of the witnesses [he] sought to call did not see or have knowledge of the events at issue").

But here, Plaintiff was not permitted to call two individuals who were direct witnesses to the conduct that Moving Defendants acknowledge "was the primary reason for [Plaintiff's] removal from the TRP"—namely, his "failure to clock out while he went to program." (Dkt. 79-2 at 6). There can be no dispute that these witnesses had knowledge that was directly relevant to the issues presented at the removal hearing. The Court is not prepared to overturn the jury's verdict based on Moving Defendants' contention that "the testimony of [the two disputed witnesses] would not have been helpful to Mr. Hines case." (*Id*. at 8). Certainly, allowing Plaintiff to call these witnesses "might not have exonerated him," *Elder v. McCarthy*, 967 F.3d 113, 123 (2d Cir. 2020)—indeed, as discussed above,

the jury apparently concluded that Plaintiff had not proven that it would have. But that does not mean the jury was prohibited from concluding that allowing Plaintiff to call his desired witnesses was "essential to providing [him] the process he was due." *Id*. Accordingly, the Court rejects Moving Defendants' first argument.

As to Moving Defendants' second argument, "[p]ersonal involvement in the deprivation of a federal constitutional right is the *sine qua non* of liability under § 1983." *Rupp v. City of Buffalo*, No. 17-CV-1209S, 2021 WL 1169182, at *5 (W.D.N.Y. Mar. 29, 2021). The jury was specifically instructed on this issue, and told that it could find against an individual defendant only if Plaintiff had proven by a preponderance of the evidence that the specific defendant was personally involved in the constitutional violation.[4]

Moving Defendants argue that the jury nevertheless got it wrong as to Rivera and Butterfield, whom they contend "had no authority to decide which witnesses to call, and took no action regarding the decision to call witnesses," and thus "had no personal involvement in the alleged violation of [Plaintiff's] procedural due process rights." (Dkt. 79-2 at 8). Moving Defendants' argument is based on an overly narrow view of the evidence and of the meaning of personal involvement.

While Rivera did testify that Penzo decided not to call the witnesses, he also testified that he concurred with that decision, and gave reasons why he believed it was not necessary

---

[4] The jury's compliance with this instruction is reinforced by its special interrogatory findings as to each of the relevant defendants on the issue of qualified immunity. (*See* Dkt. 74).

to have the witnesses testify. Butterfield similarly testified that she concurred with the decision not to call the witnesses.

The jury could—and apparently did—reasonably infer from the testimony at trial that Penzo, Rivera, and Butterfield made a collective determination of whether Plaintiff would be permitted to call witnesses. That is sufficient to establish personal involvement by Rivera and Butterfield. *See Davi v. Guinn*, No. 16-CV-5060 (ERK) (PK), 2024 WL 2746940, at *12 (E.D.N.Y. May 29, 2024) ("That a decision was made by a group does not preclude finding personal involvement by an individual in that group."); *see also Pugh v. Goord*, 571 F. Supp. 2d 477, 514 (S.D.N.Y. 2008) ("State defendants admit that Leonard was personally involved in the denial of separate services to Shi'ites because he made 'certain contributions' to 'formulation of policy,' despite the fact that he was not 'the ultimate authority.'").

Moving Defendants' motion fails to address Rivera's and Butterfield's testimony that they concurred in the decision not to allow Plaintiff to call his desired witnesses, instead seemingly relying solely on counsel's recollection to assert that "Penzo, Rivera and Butterfield all testified at the trial of this case that the decision to call witnesses was made solely by Beverly Penzo." (Dkt. 79-2 at 8). Moving Defendants have accordingly failed to demonstrate as a matter of law that Rivera and Penzo were not personally involved in the denial of procedural due process.

## **CONCLUSION**

For these reasons, the Court denies Plaintiff's motion for a new trial on the issue of damages (Dkt. 77) and denies Moving Defendants' motion for judgment as a matter of law

(Dkt. 79). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Decision and Order would not be taken in good faith. Plaintiff's *in forma pauperis* status is accordingly revoked and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Any request to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    SO ORDERED.

                                                    _____
                                                    ELIZABETH A. WOLFORD
                                                    Chief Judge
                                                    United States District Court

Dated: September 25, 2024
        Rochester, New York